UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Manhattan Division

Civ. Case No. 09 CIV 8991

SUN COMMODITIES, INC. d/b/a
SUN AMERICA IMPORTS,

    Plaintiff,

vs.

GOLDEN FRESH PRODUCE, INC.,
and JOHN D. SUH,

    Defendants.
_____/



COURTESY COPY

## TEMPORARY RESTRAINING ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

THIS MATTER came before the Court at on Plaintiff SUN COMMODITIES, INC. d/b/a SUN AMERICA IMPORTS ("SUN AMERICA") Emergency Motion for a Temporary Restraining Order Without Notice, and Order to Show Cause, against Defendants GOLDEN FRESH PRODUCE, INC. ("GOLDEN FRESH") and JOHN D. SUH. The Court has reviewed the Motion, the Declarations of Peter Warren, Byron Miranda, and Robert E. Goldman, and Counsel's Certification as to why notice should not be required pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Plaintiff's Motion asserts that it is a produce dealer licensed with the U.S.D.A., and that it sold Defendant GOLDEN FRESH $141,269.09 worth of mixed perishable agricultural commodities, and that GOLDEN FRESH'S failure to timely pay for same constitutes a violation of its statutory trust obligations existing pursuant to the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. § 499e(c). Plaintiff further asserts that Defendant GOLDEN FRESH

1

has acknowledged owing the $141,269.09 to SUN AMERICA (except for $821.00), and that on November 2, 2009, GOLDEN FRESH check #4438 payable to SUN AMERICA for $23,376.50 was returned from the bank marked "Not Sufficient Funds," and that GOLDEN FRESH has acknowledged that it is behind in payments to other produce suppliers. Plaintiff further asserts that JOHN D. SUH is, according to the New York Secretary of State Corporate records, the "Chairman or Chief Executive Officer" of GOLDEN FRESH, and that he appears to be in control of, or in a position to control, its trust assets. Plaintiff seeks an Emergency TRO to maintain the status quo by preventing Defendants from dissipating trust assets.

Pursuant to Rule 65(b), Federal Rules of Civil Procedure, a temporary restraining order may be granted *without notice* to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

Plaintiff relies upon 7 U.S.C. §499e(c)(3), which provides in pertinent part as follow:

> "Perishable agricultural commodities received by a commission merchant, dealer or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities of products, shall be held by such commission merchant, dealer or broker **in trust** for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until such payment of sums owing in connection with such transactions has been received by such unpaid suppliers, seller or agents . . . ."

The above statutory language authorizes district courts to grant injunctive relief to preserve PACA trust assets. *Frio Ice. S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 158 (11th Cir. 1990). A violation of the PACA trust establishes irreparable harm. As noted in the legislative history of the PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R.

2

Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411, *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989).

On the basis of the Plaintiff's Motion and supporting Declarations, it appears that GOLDEN FRESH'S trust assets are being dissipated or threatened with dissipation, that Plaintiff will suffer immediate and irreparable injury due to the Defendant GOLDEN FRESH'S dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c), and that such dissipation will continue in the absence of injunctive relief. Defendant GOLDEN FRESH does not appear to be in a position to pay creditor's claims, thereby warranting the relief requested by the Plaintiff. *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75 (2nd Cir. 1990).

In accordance with the Rule 65(b)(2), the applicant's attorney has certified why notice should not be required. Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5).

Therefore, it is **ORDERED THAT:**

1. GOLDEN FRESH PRODUCE, INC., its employees, agents, officers, directors, subsidiaries, assigns, including JOHN D. SUH, are enjoined and restrained from dissipating, paying any creditors and bills, transferring, assigning or selling any and all assets of GOLDEN FRESH, which appear to be subject to the trust provisions of the PACA, including, without limitation, (a) receivables derived from the sale or other distribution of produce, (b) money derived from the sale or other distribution of produce, and (c) assets purchased, in whole or in part, from monies received from the sale or other distribution of produce, until further order of this Court or until written agreement signed by Plaintiff's counsel.

3

2.  GOLDEN FRESH PRODUCE, INC.'S bank accounts and other assets are hereby frozen, except that GOLDEN FRESH is permitted to sell all produce which was shipped to it prior to its receipt of this Order for its fair market value, and it shall account for all such produce sold, and it shall deposit all monies received from the sale of such produce into its bank account within two (2) business days of receipt of such monies.

3.  GOLDEN FRESH PRODUCE, INC., shall, within two (2) days of being served with this Order, deliver, by hand-delivery or fax, provide an accounting of its PACA trust assets to Plaintiff's attorney, Michael L. Stonberg, Esq., which shall include the production of financial documents apparently created after August 1, 2009, including, without limitation, (a) a current general ledger, (b) bank statements for all accounts, (c) checks (front and back) for all accounts, (d) check register for all accounts, (e) credit card statements for all accounts, (f) current detailed, aged accounts payables report, (g) a summary accounts payables report, (h) a current detailed, aged accounts receivable report, and (i) a current summary accounts receivables report.

4.  Defendants GOLDEN FRESH PRODUCE, INC. and JOHN D. SUH shall be relieved of the restrictions in paragraphs 1 – 4 above upon their depositing, via a bank certified check or wire, $141,269.09 into the Court registry and serving a receipt of such deposit on Plaintiff's attorney, or their depositing, via a bank certified check or wire, $141,269.09 into Plaintiffs attorney's trust account which shall be held there until further Court Order or a written agreement to disburse signed by Plaintiff's Counsel.

5.  Plaintiff is not be required to post a bond in view of the fact that the Defendant GOLDEN FRESH PRODUCE, INC. appears to hold $141,269.09 of PACA trust assets which belong to Plaintiff and this Order merely requires the Defendants to obey requirements of the PACA.

4

6. GOLDEN FRESH PRODUCE, INC. and JOHN D. SUH are ordered to show cause before this Court in Courtroom __21A__, United States Court House, 500 Pearl Street, New York, New York 10007, at __10__ a.m. /p.m. on November __24__ ____, 2009, or as soon thereafter as the parties may be heard, why an order should not be issued pursuant to Rule 65(a) of the Federal Rules of Civil Procedure which grants the relief requested in Plaintiff's Motion for a Preliminary Injunction. Any opposition papers to the Motion for Preliminary Injunction must be filed by, and personally served or served by fax *and delivered in hand to Chambers* no later than November __19__, 2009 *at 4 p.m.*. Any reply papers must be filed by, and personally served or served by fax *and delivered in hand to Chambers* no later that November __23__, 2009 *at 10 a.m.*

7. Plaintiff shall serve a copy of this Order upon the Defendants forthwith, *and no later than noon on November 16, 2009* and thereafter file a notice of proof of service of the Order with the Court.

8. Pursuant to Rule 65(b), GOLDEN FRESH PRODUCE, INC. and JOHN D. SUH may file with the Court a Motion to Dissolve or Modify this Temporary Injunction upon being served with the Temporary Restraining Order.

9. This Temporary Restraining Order is entered at __3:34__ a.m./p.m. on November __13__, 2009, and shall expire within ten (10) day from the date of its issuance, unless dissolved or extended pursuant to further order of the Court.

_____
NAOMI REICE BUCHWALD
U.S. DISTRICT COURT JUDGE

5